UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Snyder,

          Petitioner,

   v.

Uttecht,

          Respondent.

CASE NO. 2:20-cv-01859-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: July 30, 2021

     The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner filed his amended federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 1, 21. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

## BACKGROUND

     Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea for one count of child molestation in the first degree and one count of incest in the first degree. Dkt. 23, Exhibit 1. The superior court sentenced Petitioner on May 26, 2006 to a determinate-plus sentence of a minimum term of 67 months confinement to a

maximum term of life on count one, and a minimum term of 26 months to a maximum term of 120 months on count two. Dkt. 23, Exhibit 1. Petitioner did not appeal his judgment and sentence in state court or file any collateral challenges. *See* Dkt. 23.

In December 2020, Petitioner initiated this action. Dkt. 1. On April 13, 2021, Petitioner filed an Amended Petition. Dkt. 21. Petitioner raises four grounds for relief: (1) Washington State failed to convene a grand jury; (2) judicial misconduct and forcing a plea; (3) ineffective assistance of counsel; and (4) lack of subject matter jurisdiction. Dkt. 21. On May 28, 2021, Respondent filed an Answer to the Amended, wherein he maintains the Petition is time-barred and should be dismissed with prejudice. Dkt. 22, 23. In the alternative, Respondent argues Petitioner failed to exhaust his state court remedies and Petitioner's claims are procedurally barred. Dkt. 22, 23. On June 16, 2021, Petitioner filed a Traverse. Dkt. 24.

I.     Discussion

    A.  *Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, notice of appeal must be filed in the trial court 30 days

after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not file a direct appeal, the state court judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner pleaded guilty in May 26, 2006 and he did not file a direct appeal or collateral attack challenging his convictions and sentence. Dkt. 23, Exhibit 1. Thus, Petitioner's judgment and sentence was final on or about June 26, 2006 when the time for filing a direct appeal expired. *See* Wash. RAP 5.2(a). The AEDPA limitations period began running on or about June 27, 2006. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (AEDPA limitations period begins to run the day after the conviction is final).   The one-year statute of limitations expired on or about June 27, 2007. Petitioner did not file the Petition until December 2020, which was over 13 years after the limitations period expired. *See* Dkt. 1, 21.

As the record reflects the Petition was filed after the statute of limitations had run, the Petition is untimely.

   B.  *Statutory and Equitable Tolling*

The AEDPA limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, Petitioner did not a collateral challenge in state court, and thus, statutory tolling does not apply.

The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner argues he is not an attorney and he was not aware of his ability to file a federal habeas petition until October 2020. Dkt. 21 at 20. However, a pro se litigant's unfamiliarity with

the law and lack of expertise are not "extraordinary circumstances" which warrant equitable tolling. *See, e.g., Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011–14 (9th Cir. 2009); *Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010).

In his Traverse, Petitioner argues Judge Churchill ordered Petitioner not to file any appeals, and Petitioner was deprived of effective assistance of counsel. Dkt. 24 at 9. Petitioner contends attorney "Markwell" upheld Judge Churchill's "illegal directive." *Id*. However, Petitioner has not explained how the merits of his ineffective assistance of counsel claim constitute extraordinary circumstances and justify equitable tolling. *Carter v. Scribner,* 2008 WL 906723, at *5 (E.D. Cal. Mar. 31, 2008) ("[T]he merits of a petitioner's underlying claim are not relevant to whether extraordinary circumstances exist to justify the late filing of a petition for writ of habeas corpus.").

Therefore, Petitioner fails to show he is entitled to statutory or equitable tolling, and the Petition is barred by the AEDPA limitations period.

## II. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to

hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

### III. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

### IV. Conclusion

The Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 30, 2021 as noted in the caption.

Dated this 13th day of July, 2021.

David W. Christel
United States Magistrate Judge